**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

EDGAR PATTON                                                                    PLAINTIFF

VS.                                                CIVIL ACTION # 2:07cv314-KS-MTP

NATIONWIDE INSURANCE COMPANY                                          DEFENDANT


**ORDER GRANTING DEFENDANT'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS AND FOR SANCTIONS**

This cause is before the Court on Defendant Nationwide Insurance Company's motions

for judgment on the pleadings [Doc. # 7] and for summary judgment and sanctions [Doc. # 9].

The Court, after considering the same, finds that both the motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(c) and the motion for sanctions should be **granted** for the reasons

hereinafter set forth.

## I.  LITIGATION HISTORY

This case arises out of an insurance contract between Edgar Patton and Nationwide

Insurance Company.  While Patton was insured by Nationwide, a fire broke out at Patton's home

causing extensive damage to the structure and its contents.  When Patton sought reimbursement

for the damages, Nationwide suspected foul play, and denied Patton's claim.

After denying his claim, Nationwide filed a declaratory judgment against Patton on

August 9, 2005.  The case was brought by Nationwide in this Court, and styled *Nationwide*

*Insurance Company v. Edgar Patton*, case number 2:05cv2040-KS-JMR ("Patton I").  In its

complaint, Nationwide sought to avoid liability on the contract of insurance that it had written for

Patton.  Patton answered and asserted a counterclaim, demanding that Nationwide honor the contract and pay for the damages incurred as a result of the fire.

On January 30, 2007, this Court granted Nationwide's motion for summary judgment on the causes of action alleged in Patton's counterclaim.  In its order, this Court rejected Patton's claims for policy benefits plus bad faith, as well as alleged breaches of the duty of good faith and fair dealing.  For the purposes of these motions, the Court takes judicial notice of the allegations of the complaint and counterclaim in *Patton I*.

Following the Court's entry of summary judgment on Patton's counterclaims, a jury trial was conducted on the declaratory judgment action brought by Nationwide.  On February 26, 2007, a final judgment was entered consistent with the jury's verdict. *See* Def.'s Ex. 5 [Doc. # 7-6] (Apr. 30, 2008).  Patton took no appeal from either the Court's grant of summary judgment or on any issue related to the jury's verdict.

On November 27, 2007, Patton filed a new complaint *pro se* against Nationwide.  In his pleading, Patton makes allegations identical to those previously dismissed by this Court in the *Patton I* litigation, including claims of breach of contract and bad faith in Nationwide's handling of Patton's fire claim.  After it answered, Nationwide filed two motions, asking for summary judgment or dismissal pursuant to Rule 12(c), as well as requesting sanctions against Patton.

## II.  NATIONWIDE'S MOTION PURSUANT TO RULE 12(C)

**1.  Motion for Judgment on the Pleadings.**

Federal Rule of Civil Procedure 12(c) permits that:

After the pleadings are closed, but within such times as not to delay the trial, any party

may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The basis for Nationwide's Rule 12(c) motion is that all of Patton's claims are barred by the doctrine of res judicata.  The "preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).  The doctrine of *res judicata* will bar an action if  "1) the parties are identical in both actions; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior judgment was final on the merits; and 4) the cases involve the same cause of action." *Traveler's Ins. Co. v. St. Jude Hosp. of Kenner, La.*, 37 F.3d 193, 195 (5th Cir. 1994).

The court applies the doctrine of res judicata by comparing the issues decided on the merits in the previous case to the issues alleged in the current litigation. The counterclaim litigated in *Patton I* adopted twenty exhibits, including the contract of insurance and the examination under oath of Angela Patton.  The claims alleged by Patton in *Patton I* are as follows:

      (1)      Breach of Fair Housing Act;

      (2)      Breach of Implied Covenant of Good Faith and Fair Dealing;

      (3)      Fraud and Misrepresentation[1]

---

[1]In his counterclaim, Patton argued that:

> Plaintiff's fraudulently made Angela Patton sign and return a document request for that did not have  her name on it, but had the defendant's name and without permission of defendant, and obtained illegal information from third parties also purported to various agencies with this illegal and falsified document, further, the defendant requested all

(4)     A vague complaint of improper handling of the claim;

(5)     Relief under the terms of the contract;

(6)     Set offs;

(7) - (10)     Contractual damages;

(11)    Consequential damages;

(12)    Punitive damages;

(13)    Damages for breach of contract; and

(14)    Interest and costs.

In the complaint filed herein, Patton again alleges causes of action for bad faith against Nationwide, as well as a claim for breach of contract.  He asks the Court for actual, consequential, and punitive damages based on Nationwide's conduct in handling his insurance claim.

Applying the Fifth Circuit's analysis for res judicata, the Court easily concludes that the current action is barred by that doctrine.  First, the parties are identical in both actions.  Second, the prior judgment was rendered by a court of competent jurisdiction, as both sides have acknowledged the jurisdiction of this Court.  Third, the *Patton I* judgment and counterclaim are final and non-appealable.  And fourth, both the *Patton I* counterclaims and the instant complaint involve the same cause of action.  The Court need only read the allegations of Patton's complaint to determine that the counterclaims asserted in *Patton I* are the same causes of action as those

---

statements and documents plaintiffs possessed for the plaintiff, refused, withholding statements and denying production, it is a violation of defendant's "absolute right," that cannot be defeated. (IIIa) These actions are also "negligence" which are also actionable.

4

currently alleged.  Therefore, Nationwide's request for dismissal based on Rule 12(c) is proper.

**2.  Motion for sanctions**

The Federal Rules of Civil Procedure permit the court to sanction litigants who bring claims that are patently frivolous or that are intended merely "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 11(b)(1).  For Patton to claim that this litigation was not resolved by *Patton I*, or that he continues to have a claim against Nationwide under the policy, is delusional.  *Pro se* litigants are bound by the same ethical considerations as lawyers, and this litigation is clearly an abuse of the system of justice in this country.

Because there can be no basis for this litigation other than to harass the Defendant, the Court finds that the Plaintiff, Edgar Patton, should be sanctioned pursuant to Rule 11 and required to pay all fees and expenses incurred by the Defendant.  The attorneys for Nationwide shall have fifteen (15) days from the date of this order to furnish to this Court, with a copy to Patton, a statement of the expenses incurred by Nationwide in defending this frivolous litigation.  Mr. Patton will then have ten (10) days from the date of the mailing of the documents by Nationwide's attorneys to object or to raise issues of the reasonableness of said expenses.  If objection is filed, then the Defendants will be given five (5) days for a reply and following said period, the Court will make a determination as to the amount of sanctions.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to dismiss pursuant to Rule 12(c) filed by Nationwide Insurance Company is **sustained** and Nationwide is granted its request for Rule 11 sanctions.  The amount of said sanctions is to be determined as above described.

5

SO ORDERED this, the27th day of June 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE