IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EDGAR PATTON

VS. CIVIL ACTION NO. 2:07cv314-KS-MTP

NATIONWIDE INSURANCE COMPANY

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This cause is before the Court on Motion for Relief From Judgment [27] filed by Edgar Patton, requesting this Court to grant relief to him pursuant to Rule 60(b)(5)(6) of Fed. R. Civ. P. Movant states that he filed a Motion for "Change of Judge" [15], citing as his reasons the personal knowledge that the undersigned judge had regarding the facts of this case. The motion was denied [17].

In this current motion, the Movant sets forth the requirements under 28 U.S.C. § 455 for recusal of a judge and further sets forth his argument. In his original motion filed May 22, 2008 [15], none of this was presented. The crux of Movant's argument is that the undersigned judge had presided over a previous trial involving the same parties. The previous case was a declaratory judgment action by Nationwide against Movant and was civil action number 2:05cv2040- KS-MTP. This action was tried before a jury to a verdict which was unfavorable to the Movant herein. No appeal was taken.

The Defendant in the instant cause filed Motion for Judgment on the Pleadings or Alternatively, for Summary Judgment [7].

The basis for Nationwide's motion was that the issues in the instant litigation were resolved by the previous trial and jury verdict and that the current litigation is barred by the

doctrine of *res judicata*.

This Court, by order dated June 27, 2008, [20], granted the Motion for Judgment on the Pleadings and other relief and in the order stated its reasons therefor. Movant herein states that he is entitled to relief from the final judgment pursuant to two provisions of Rule 60. These are as follows:

> Rule 60(b):
>
> (5) The Judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
> (6) Any other reason that justifies relief.

In his Motion, Patton argues that he should have been able to present his case to a jury because

> " The plaintiff obtained a (sic.) insurance policy from the defendant, the plaintiff paid all premiums to defendant for said policy/contract, the plaintiff suffer (sic.) a loss under said policy/contract, the plaintiff filed a claim(s) under said policy/contract, defendant's (sic.) never denied plaintiff's claim to date, plaintiff (sic.) former wife was not listed on the insurance policy nor did she have a relationship with plaintiff's agent, the plaintiff Edgar Patton was the only policy holder and the only payer of said policy." Plaintiff's Motion, page 2, paragraph III.

This Court ruled as it did for the exact reason that plaintiff argues above. The claim in the instant case is barred by the doctrine of *res judicata*. Movant herein does not present any other argument other than the fact that he cannot present his case again to a trier of fact. His attempts to re-urge his Motion for the undersigned judge to recuse himself are too little too late.

This Court can possibly read into his Motion that he is claiming that the Judgment is void because of fraud committed by Nationwide in settling with his former wife, Angela Patton. The former Mrs. Patton testified for Nationwide in the jury trial and her testimony apparently was

damaging to Movant herein.  Adequate time for cross-examination was given to Mr. Patton, who was pro se in the former litigation.  But fraud has not been established by Patton's Motion.

This Court finds that there is no basis to grant relief pursuant to Rule 60 and that the Motion filed herein should be and is hereby, **denied.**

**SO ORDERED** this, the 29th day of April, 2009.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE